## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KELLY A.  ARMSTRONG

              PLAINTIFF,

    v.

GREENWOOD GAMING AND
ENTERTAINMENT, INC., t/d/b/a
PHILADELPHIA PARK CASINO and
GREENWOOD RACING, INC.,
PHILADELPHIA PARK CASINO AND
RACETRACK

              DEFENDANTS.

Civil Action

No. 09-1321

October____, 2009

### OPINION

Plaintiff Kelly Armstrong brings this action for gender and pregnancy discrimination against defendants Greenwood Gaming and Entertainment, Inc.  t/d/b/a/ Philadelphia Park Casino, and Greenwood Racing, Inc. t/d/b/a Philadelphia Park Casino and Racetrack, alleging violations of federal and state law.  On April 21, 2009, defendants filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's complaint for failure to state a claim.  Defendants also filed a Memorandum of Law in Support of Motion to Dismiss.  On May 4, 2009, plaintiff responded with a Memorandum of Law in opposition.

## I.  Background

For the purposes of this motion to dismiss, the factual allegations of plaintiff's complaint are taken to be true.  *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). Plaintiff is a thirty-seven year old female.  Compl. ¶ 18.  She has sued her employer, alleging unlawful gender and pregnancy discrimination in violation of Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act (PHRA), the Equal Pay Act (EPA), and the Family and Medical Leave Act (FMLA).  Compl. ¶ 1.  Plaintiff worked as a Cage Cashier for defendants Greenwood Gaming and Entertainment, Inc. and Greenwood Racing, Inc. from November 27, 2006 to February 1, 2008.  Compl. ¶ 19.

Plaintiff alleges that she was subject to offensive and discriminatory comments during her pregnancy and that adverse action was taken against her because of her pregnancy.  Compl. ¶ 21. She states that Matt Cizenski, a manager at her workplace, told plaintiff that if she lost her baby due to heavy lifting, she could "spread her legs and pop out another one."  Compl. ¶ 21(a).  She further alleges that Cizenski told plaintiff that if she became pregnant again, he would punch her in the stomach. Compl. ¶ 21(b).  Plaintiff also claims that she was denied a pay raise awarded to non-pregnant employees.  Compl. ¶ 22.  Plaintiff was on maternity leave from October 2007 to January 2008.  Compl. ¶ 20.  She was discharged from her position on February 1, 2008 for an alleged violation of the workplace rules. Compl. ¶¶ 23-24.  Plaintiff alleges that male employees, including Cizenski, Dave Quinn, and Bill Snyder, had committed similar violations without suffering any adverse action.  Compl. ¶ 25.

Plaintiff first sought relief through administrative proceedings.  On or about March 4, 2008, plaintiff filed a written charge of discrimination with the Equal Employment Opportunity

Commission (EEOC), alleging gender and pregnancy discrimination.  Compl. ¶ 15(a).  The

EEOC issued a Notice of Right to Sue on or about December 30, 2008.  Compl. ¶ 15(b).

Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission.

Compl. ¶ 15(d).

Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim.  They argue

that plaintiff has not set forth a claim for pregnancy discrimination under Title VII of 42 U.S.C. §

2000(e) or under the Pennsylvania Human Relations Act, 42 P.S. § 951 because (1) she was not

pregnant at the time of the adverse action and (2) she was not performing her job in an adequate

manner.  Def.  Mot.  Dismiss ¶ 11.  Defendants also seek dismissal of plaintiff's claim for

punitive damages under Title VII, arguing that plaintiff has not presented sufficient evidence of

intentional discrimination.  ¶¶ 15-18.  Further, defendants argue that the Equal Pay Act and the

PHRA claims do not provide for punitive damages.  Def.  Mot.  Dismiss ¶¶ 19-21.


## II.  Discussion

### COUNTS I & III

Count I of plaintiff's complaint alleges a violation of Title VII of the Civil Rights Act,

which prohibits employment discrimination on the basis of gender.  42 U.S.C. § 2000e-2(a)

(2006).  The Pregnancy Discrimination Act ("PDA") provides that, for the purposes of Title VII,

"on the basis of sex," includes discrimination "because of or on the basis of pregnancy,

childbirth, or related medical conditions."  42 U.S.C. § 2000e(k).

Count III of plaintiff's complaint alleges a violation of the Pennsylvania Human Relations

Act (PHRA), 43 Pa.  C.S.A § 951.  The PHRA prohibits employers from discriminating based on

the sex of an employee.  *Id.*  This includes discrimination based on pregnancy.  *Cerra v. East Stroudsburg Area Sch. Dist.*, 299 A.2d 277, 279-80 (Pa. 1973).  When a plaintiff alleges violations of Title VII and PHRA, both claims are subject to the same Title VII analysis.  *Weston v. Pennsylvania*, 251 F.3d 420, 426 n.3 (3d Cir. 2001).

Accordingly, I will address plaintiff's adverse employment and hostile work environment PHRA claims under Title VII standards.  In doing so, I will assume the truth of plaintiff's allegations.  To establish a prima facie case of discrimination, plaintiff must show that "1) she is or was pregnant and that her employer knew she was pregnant; 2) she was qualified for her job . . . 3) she suffered an adverse employment decision" and 4) there was a nexus between the adverse action and the pregnancy.  *Doe v.  C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 365-66 (3d Cir. 2008).  If she establishes a prima facie case, the burden shifts to defendants to provide a non-discriminatory reason for their action.  *Id.*  (citing *McDonnell Douglas Corp., v.  Green*, 411 U.S. 792, 802 (1973)).

There is, of course, no merit in defendants' argument that plaintiff must show that she was pregnant *at the time* she was discharged, the act constituting adverse action.  Defendants cite *Siko v.  Kassab*, 2000 WL 307247 (E.D.Pa. 2000), a non-precedential case, for this proposition. Def.  Mot.  Dismiss ¶ 7.  Plaintiff's response cites the same case, but states that a prima face case existed because "she was pregnant and gave birth."  Pl.  Mem.  Resp.  7.  It seems curious that both plaintiff and defendants have, with respect to this question, confined their invocation of doctrinal authority to a single district court opinion–an opinion which (even if it were pertinent, which it is not) is, by virtue of its district-courtness, necessarily non-precedential, and was decided in 2000–and have ignored the opinion in *Doe v.  C.A.R.S. Protection Plus, Inc*,

*supra*,–an opinion that is, by virtue of its published court-of-appealsness, necessarily

precedential, and was decided in 2008.  In *C.A.R.S. Protection Plus, Inc*, plaintiff informed her

employer that she had decided to terminate her pregnancy, and was fired three working days after

the procedure–on the day her baby was buried.  527 F.3d at 369.  Courts in this jurisdiction have

consistently permitted pregnancy discrimination cases to proceed where the adverse action

occurred after the pregnancy.  *See, e.g.*, *In re Carnegie Center Assocs.*, 129 F.3d 290, 293 (3d

Cir. 1997) (plaintiff's position eliminated while she was on maternity leave)*; Butz v. Lawns

Unlimited Ltd.*, 568 F. Supp. 2d 468 (D. Del. 2008) (plaintiff discharged two weeks after she

began her maternity leave and one week after giving birth).

Contrary to defendants' contention, plaintiff has in her complaint adequately alleged

sufficient facts to satisfy the first and second prongs of a prima facie case–namely, *first* that she

was pregnant and this fact was known to her employer, and, *second*, that she was qualified for

her job.  The Federal Rules of Civil Procedure "do not require a plaintiff to plead in detail all of

the facts upon which he bases his claim." *Conley v.  Gibson*, 355 U.S. 41, 47-48 (1957).  Instead

they require a "short and plain statement" of the claim that will "give the defendant fair notice of

the plaintiff's claim and the grounds upon which it rests." *Id.*  Under *Twombly*, "[t]he factual

allegations must be sufficient to make the claim for relief more than just speculative." *Bell

Atlantic Corp.  v.  Twombly,* 550 U.S. 544, 555 (2007); *see also Phillips v. County of Allegheny*,

515 F.3d 224, 231 (3d Cir. 2008) (explaining Third Circuit interpretation of *Twombly*).  The

Third Circuit has extended *Twombly's* standards to employment discrimination cases.  *Wilkerson

v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008) ("The plausibility

paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of

employment discrimination.").

Thus, I conclude that plaintiff's complaint sets forth a cause of action for a violation of

Title VII and the PHRA.  Plaintiff has identified statements made by her employer showing that

they knew she was pregnant.  Plaintiff has also identified the alleged adverse actions taken

against her, thus giving defendants sufficient notice of her claim.  Plaintiff contends she was fired

for a rules violation, a contention which surely connotes that she was qualified for her job at the

time of the alleged violation.  These factual allegations are sufficient to satisfy the pleading

requirements put forth in *Twombly*, *Wilkerson*, and *Phillips*.  The allegations identify specific

comments suggesting a pattern of discrimination, the adverse action taken against her, and the

motive for that action, which, in the aggregate, establish a cause of action for pregnancy

discrimination under Title VII and the PHRA.

DAMAGES

Defendants have asked the court to dismiss plaintiff's claim for punitive damage under

Counts, I, II, III, and IV.  Def.  Mot.  Dismiss ¶ 13-14.  In view of plaintiff's response that she

seeks punitive damages only under Title VII of the Civil Rights Act, I refrain from ruling on

defendants' motion on the other counts. Pl.  Mem.  Resp.  8.

Under Title VII, punitive sanctions may be imposed only if plaintiff proves that

defendants "engaged in a discriminatory practice or discriminatory practices with malice or

reckless indifference to the federally protected rights of an aggrieved individual."  42 U.S.C. §

1981(a)(b)(1).  In this case, it is sufficient that the complaint alleges grievously hostile statements

by a "manager;" furthermore, a fact-finder might infer the requisite nefarious attitude from

defendants' action in discharging plaintiff right after her maternity leave.  Through discovery

plaintiffs may, or may not, obtain additional evidence sufficient to show reckless indifference or

malice.  *See Alston v. Parker*, 363 F.3d 229, 233 n. 6 (2004) ("To withstand a 12(b)(6) motion, a

plaintiff need only make out a claim upon which relief can be granted.  If more facts are

necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil

discovery mechanisms under the Federal Rules.").

### III.  Conclusion

For the reasons stated above, the court denies in part defendants' motion to dismiss.  An

appropriate order accompanies this opinion.